**Ralph LYSAIRE, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–4627.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 23, 2010.

Opinion Filed: March 5, 2010.

Robert Frank, Esq., Frank & York, Newark, NJ, for Petitioner.

Matt A. Crapo, Esq., Thomas W. Hussey, Esq., Michelle G. Latour, Esq., Timothy B. Stanton, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Ralph Lysaire, a citizen of Haiti, became a lawful permanent resident of the United States in 1990. In 2004, he was convicted in New Jersey of conspiracy to distribute cocaine. In 2007, the Government charged Lysaire as removable for having committed an aggravated felony because of his drug trafficking crime. Conceding removability, Lysaire sought relief from removal under the Convention Against Torture ("CAT").

The Immigration Judge ("IJ") denied Lysaire's application. Lysaire appealed to the Board of Immigration Appeals ("BIA") and also moved the BIA to remand the matter to the IJ for consideration of new evidence. The BIA dismissed the appeal, concluding that Lysaire did not establish his CAT claim. However, the BIA granted the motion to remand for the IJ to consider Lysaire's additional evidence. On remand, the IJ considered reports of country conditions, statements of family members, Lysaire's medical (including psychiatric) history, his criminal history, and testimony and documentary evidence from an expert witness, Michelle Karshan. The IJ again denied the CAT claim. The BIA dismissed Lysaire's new appeal, holding that he had not shown that it was more likely than not that he would be tortured in Haiti.

Lysaire presents a petition for review, which the Government moves to dismiss for lack of jurisdiction. Because the basis for Lysaire's removal is his conviction for an aggravated felony, the Court's jurisdiction is limited by the REAL ID Act; however, the Court retains jurisdiction over constitutional claims and questions of law. *See Pierre v. Attorney Gen. of the United States,* 528 F.3d 180, 184 (3d Cir.2008) *(en banc)* (citing 8 U.S.C.

§ 1252(a)(2)(C)-(D)); *see also Silva–Rengifo v. Attorney Gen. of the United States,* 473 F.3d 58, 63 (3d Cir.2007) (citing *Kamara v. Attorney Gen. of the United States,* 420 F.3d 202, 210–11 (3d Cir.2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts"). As the Government contends, we cannot revisit the factual findings in the record.[1] However, through the two main arguments Lysaire details, he presents the legal question whether the BIA erred in concluding that he did not meet his burden to show his eligibility for CAT relief. Accordingly, we have jurisdiction over his petition. *See, e.g., Pierre,* 528 F.3d at 184.

■ Deferral of removal under CAT is mandatory if an alien can show that it is more likely than not that he or she will be tortured. *See Pierre,* 528 F.3d at 186 (citing 8 C.F.R. § 208.17(a)). An act is torture if it is inflicted, by or at the instigation or with the consent or acquiescence of a public official or other person acting in an official capacity, for obtaining information or a confession, for punishment, for intimidation or coercion, or for any reason based on discrimination of any kind. *See id.* at 189. The imprisonment of criminal deportees in Haiti in objectively deplorable brutal and harsh conditions generally does not constitute torture. *See id.* However, if authorities place an individual in such conditions in order to cause severe pain and suffering, such an act may rise to the level of torture if the other CAT requirements are met. *See id.* at 190.

Lysaire was not entitled to CAT relief merely because he is subject to detention as a criminal deportee on his return to Haiti, even though the conditions of detention in Haitian prisons are terrible. *See Pierre,* 528 F.3d at 189. However, Lysaire also claimed, as he notes on appeal, that he would face torture in prison because of his mental illness. As the IJ noted, Lysaire presented evidence of intermittent psychiatric episodes and psychological problems. (In the record are diagnoses of paranoid schizophrenia and polydrug dependence. *See, e.g.,* R. 546. Although he had been treated with medicine in the past, Lysaire was not taking medicine when he appeared before the IJ. R. 439.) Nonetheless, Lysaire did not meet the standard for CAT relief under prevailing law.

In addition to describing the conditions in Haiti and Haitian prisons generally, Lysaire's expert, Karshan, explained that mentally ill criminal deportees are held without food, water, medical care, or necessary medicines. R. 73, 87. There is no suicide watch system or empathy for those with mental illnesses. R. 73, 87–88. If a mentally ill prisoner brings medicine with him, he is left to self-medicate and is vulnerable to theft of his medicine. R. at 88. These conditions, while objectionable, are like those faced by all detainees; they are not targeted to Lysaire, as a person with a mental illness, in particular. *Cf. Villegas v. Mukasey,* 523 F.3d 984, 989 (9th Cir. 2008) (holding that the conditions of the Mexican mental health system, which were created by "officials' historical gross negligence and misunderstanding of the nature of psychiatric illness," do not amount to torture).

Karshan also testified that Lysaire will be tortured by prison officials—for example, they will withhold his medication when they realize he needs it, "so they can elicit money from his family in exchange for his

---

1. Furthermore, we cannot consider the new evidence that Lysaire seeks to submit. *See* 8 U.S.C. § 1252(b)(4); *see also Berishaj v. Ashcroft,* 378 F.3d 314, 328 (3d Cir.2004). Accordingly, we grant the Government's motion to strike the extra-record evidence.

eventual release." R. 220. Karshan stated that prison officials would think Lysaire and his family have money because they are from the United States. R. 219. (Most of Lysaire's family came to the United States; his mother remains in Haiti, but Lysaire says that he is not in touch with her.) However, as the BIA concluded, based on Karshan's testimony, any mistreatment would not be to discriminate, punish, or intimidate. It would be extortion for pecuniary gain.

Karshan also noted that mental illness is not accepted in Haitian culture and is sometimes attributed to voodoo. R. 90. She stated that other prisoners and prison staff discriminate against the mentally ill because they believe the afflicted are under a curse or a spell. R. 90. Lysaire continues to press that his mental illness and resulting behaviors will make him a target for abuse in detention. However, as the BIA noted, the 2007 Country Report on Human Rights Practice in the record (beginning on page 234), does not mention discrimination against the mentally ill (although it mentions the lack of food, water, sanitation, etc., in the overcrowded prisons). Given the Country Report and Karshan's lack of testimony about how Lysaire specifically would singled out for torture, the BIA did not err in concluding that Lysaire did not meet the requirements for CAT relief.

For these reasons, we deny the motion to dismiss and grant the motion to strike the extra-record evidence, and we will deny the petition for review.